TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
Bruce Prescott, Esq. (SBN 120980)
Daphne C. Lin, Esq. (SBN 193214)
2201 Walnut Avenue, Suite 290
Fremont, CA 94538
Telephone: (510) 790-0900
Facsimile: (510) 790-4856
bruceprescott@tatp.com
daphnelin@tatp.com

Heinz Binder (SBN 87908)
Robert G. Harris (SBN 124678)
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
Tel: (408) 295-1700
Fax: (408) 295-1531
Email: Heinz@bindermalter.com
Email: Rob@bindermalter.com

Attorneys for Plaintiff Naviscent, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| LEEANNA DODSON MARTINEZ<br><br>*aka* Leeanna Franklin<br>*dba* BeanTeam Accounting<br><br>　　　　　Debtor,<br><br>NAVISCENT, LLC,<br><br>　　　　　Plaintiff<br> v.<br><br>MICHAEL OTTE,<br><br>　　　　　Defendant. | Case No. 18-51883 MEH<br>Chapter 13<br><br><br><br><br>A.P. No. _____<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

COMES NOW Plaintiff Naviscent, LLC (hereinafter "Plaintiff") who alleges and complains of Defendant Michael Otte (hereinafter "Defendant") as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. §157. Venue is proper before this Court pursuant to 28 U.S.C. §1409 by virtue of the Chapter 13 case pending before the United States Court for the Northern District of California entitled *In re Leeanna Dodson Martinez*, Chapter 13 case no. 18-51883 MEH.

2. This Complaint initiates an Adversary Proceeding as contemplated by FRBP 7001. This Adversary Proceeding is a "core proceeding" as that term is defined in 28 U.S.C. §157(b)(2)(B) and 28 U.S.C. §157(b)(2)(K) inasmuch as it is a matter concerning the disallowance of claims against the estate and determination of the validity, extent or priority of a lien against property of the bankruptcy estate. An anticipated amendment will provide jurisdiction under 28 U.S.C. §157(b)(2)(H) as well. Plaintiff consents to entry of a final judgment in proceeding by the bankruptcy court pursuant to Federal Rule of Bankruptcy Procedure 7008.

## GENERAL ALLEGATIONS

3. Plaintiff is a California limited liability company, duly formed and in good standing. It is engaged in the business of conducting usability research and market research, and providing research operation support to its clients, who include some of the world's largest brands and most well-known companies.

4. On information and belief, Plaintiff alleges that the Defendant is an individual residing in Santa Clara County in the State of California.

5. From approximately 2006 until in or about April, 2018, Plaintiff used the debtor in the above-captioned bankruptcy case, Leeanna Franklin Martinez ("Martinez"), for bookkeeping on an independent contractor basis. Martinez was responsible for maintaining books of account, submitting reports to Plaintiff's Chief Executive Officer, George Papazian, for payment of bills, writing checks, receiving and accounting for payments from clients, coordinating with Plaintiff's outside payroll service (including reporting to the service the amounts payable to employees and independent contractors for a given payroll period), and otherwise handling most of the financial

COMPLAINT FOR DECLARATORY RELIEF 1

aspects of Plaintiff's business.

6. In late March, 2018, Defendant, who also used Martinez's bookkeeping services, informed Plaintiff's CEO that Martinez had embezzled money from him, he had confronted Martinez, and she had admitted embezzling funds. Afterwards, Martinez's husband, Rene Martinez, went to the bank with the Defendant and took out cash from one of the Martinez's bank accounts to repay Defendant, in an amount which Defendant asserted to have been approximately $38,000.00.

7. Plaintiff immediately looked into its financial records and asked its outside accountant to conduct a forensic accounting to determine the amount of money Martinez embezzled over the years. According to the preliminary result from Plaintiff's investigation, since in or about 2006, Martinez had misappropriated, and diverted to her own possession and use, monies from Plaintiff in an amount exceeding Three Hundred and Twenty Thousand Dollars ($320,000.00).

8. On April 24, 2018, Plaintiff filed an action against Martinez in the Superior Court of the State of California, Santa Clara County, entitled *Naviscent, LLC v. Leeanna Franklin Martinez, et al.,* Case No. 18CV326999 (the "Martinez Action"), and obtained a temporary protective order ("TPO") against Martinez on the same day. The TPO covered all of Martinez's real and personal property, and expressly prohibited Martinez, from, among other things, transferring, directly or indirectly, any interest in her real property. Martinez was personally served the TPO as well as the summons and complaint, an application for right to attach order and writ of attachment (the "Application"), and a notice of hearing of the Application in the Martinez Action on April 30, 2018. A true and correct copy of the proof of service of these papers is attached hereto and incorporated by reference herein as **Exhibit A**.

9. Prior to the personal service on April 30, 2018, Plaintiff's process server also performed substitute service of the TPO, the summons and complaint, the Application and a notice of hearing of the Application by leaving a copy with Martinez's husband, Rene Martinez, at the couple's residence at 5315 Romford Drive in San Jose ("Romford Property"), on April 28, 2018, after attempting to personally serve Martinez on April 26 and April 27 without success. In an e-

COMPLAINT FOR DECLARATORY RELIEF 2

mail to Plaintiff's CEO on April 28, 2018, Martinez admitted that she knew of the Martinez Action, the TPO, and the Application.

10. Immediately after the issuance of the TPO, Plaintiff attempted to record it at the Santa Clara County Recorder's Office. However, the Recorder's Office would not accept the TPO for recording. To the put the public on notice, Plaintiff recorded a lis pendens of the Martinez Action on Mary 3, 2018. A true and correct copy of this recorded lis pendens is attached hereto and incorporated by reference herein as **Exhibit B**.

11. Following service of the TPO, Martinez stated in an email to Plaintiff that she had entered into "confidential agreements" with the Defendant and another former client, so that Plaintiff was now "third in line" to recover amounts she stole from it. While the TPO was in effect, Martinez gave the Defendant a deed of trust against the Romford Property on May 15, 2018 allegedly securing payment on a Promissory Note in the amount of $300,000 as described in paragraph 17 below. The deed of trust was recorded on May 16, 2018 ("Otte Deed of Trust"). A true and correct copy of the recorded deed is attached thereto and incorporated by reference as **Exhibit C**.

12. Plaintiff's Application in the Martinez Action was heard and granted on June 28, 2018. A writ of attachment was issued and recorded on June 29, 2018. True and correct copies of the original TPO, the order extending the TPO, and the timely-recorded writ are attached hereto and incorporated by reference herein as **Exhibits D-F**.

13. Martinez commenced the above captioned bankruptcy case with the filing of a Chapter 13 petition on August 22, 2018.

14. Defendant filed claim number 3-1 (the "Claim") on September 25, 2018. In the answer to question 8 therein, Defendant states that the basis of the Claim is as follows: "Promissory note and deed of trust arising out of settlement of fraud claims against debtor." Attachment 1 to the Claim is Defendant's Calculation of Claim of which the primary component is "Principal amount owed on promissory note from 5/9/18 $300,000"). Attachment 3 to the Claim is a Settlement Agreement and Mutual Release dated April 30, 2018 ("Settlement Agreement"), which provides in paragraph 1.1 for a payment from Martinez to the Defendant of $300,000.

Attachment 4 to the Claim is a Secured Promissory Note dated May 15, 2018, which recites the promise by Martinez to pay Defendant $300,000 "for value received," and Attachment 5 to the Claim is the May 15, 2018 Deed of Trust (recorded May 16, 2018) securing the promissory note. Neither the Claim nor any of the foregoing documents set forth either the amount which Martinez may have embezzled from the Defendant or damages he allegedly suffered.

15. When asked at her Section 341 Meeting of Creditors what the consideration for the Secured Promissory Note had been, Martinez was purposefully evasive and refused to disclose the consideration she received in exchange for granting Otte a secured $300,000 claim; she testified as follows:

| | | |
|---|---|---|
| HARRIS: | When was this loan made? |
| MARTINEZ: | I don't remember. |
| HARRIS: | How much was the loan for? |
| MARTINEZ: | Approximately $300,000 |
| HARRIS: | And what was—okay, but what was it for? Did you get proceeds? |
| MARTINEZ: | I don't understand your question. |
| HARRIS: | Did you get money? You gave a note and deed of trust. What did you get back? What was the consideration? |
| MARTINEZ: | I'm not sure about the question. |
| HARRIS: | Was this to repay funds that you embezzled from Mr. Otte? |
| MARTINEZ: | I don't understand your question. |
| HARRIS: | Did you embezzle funds from Mr. Otte? |
| MARTINEZ: | I have an agreement with him and that's all I have to say about. |
| HARRIS: | So, you're not going to answer that question? |
| MARTINEZ: | I did answer that question. |

16. Defendant has offered nothing more to substantiate the value received in exchange for the Secured Promissory Note and lien given to secure it against the Romford property than what is in his Claim.

17. An actual controversy has arisen and now exists between Plaintiff and the Defendant concerning their respective rights with respect to the Romford property, in that Defendant claims to have a valid deed of trust in the amount of $300,000 against the Romford

COMPLAINT FOR DECLARATORY RELIEF 4

1 property which Debtor identifies as senior in priority to Plaintiff's levy. Plaintiff contends that the
2 Otte Deed of Trust is invalid by virtue of the TPO, or is, alternatively, junior in the line of title to
3 Martinez's levy, and/or does not legitimately secure $300,000 allegedly owed by Martinez to the
4 Defendant.

5     18. An actual controversy also exists between Plaintiff and Defendant inasmuch as
6 Plaintiff contests the amount of Defendant's claim in this case. There is no reliable evidence to
7 support the amount of the Secured Promissory Note, and the settlement payment on which it is
8 based may exceed any amount that Martinez may have embezzled from Defendant and any
9 damages he may have suffered.

10     19. Martinez and the Defendant may also have entered into the Settlement Agreement,
11 Secured Promissory Note and recorded the Deed of Trust with actual intent to hinder, delay or
12 defraud creditors. In the alternative, Martinez may have received less than reasonably equivalent
13 value in exchange for her entry into the Settlement Agreement, Secured Promissory Note and
14 recorded the Deed of Trust, at a time when she was insolvent. Plaintiff reserves the right to amend
15 this Complaint to allege and prosecute such causes of action under 11 U.S.C. §§544, 548 and
16 California Code of Civil Procedure 3439 should the Chapter 13 trustee decline or refuse to
17 prosecute such claims and the Court authorizes Plaintiff to do so.

18     20. Plaintiff desires a judicial determination of the rights of Plaintiff and Defendant in
19 connection with the Romford property, and a declaration that the Otte Deed of Trust is invalid, or
20 alternatively, for an amount less than $300,000, and that Plaintiff's levy has priority over Otte's
21 Deed of Trust in the chain of title to the Romford Property. Plaintiff further seeks a declaration as to
22 the amount of the Claim and, absent proof of the amount that Martinez embezzled from Defendant
23 and damages suffered, asks that the Claim be disallowed in its entirety.

24     21. Such declarations are necessary and appropriate at this time in order that Plaintiff's
25 right to recover from Martinez are not jeopardized as a result of the Otte Deed of Trust, and to
26 prevent Defendant from being unjustly enriched.

27 ///
28 ///

## PRAYER

WHEREFORE, Plaintiff prays that JUDGMENT be entered in its favor, and against Defendant as follows:

1. A declaration that the Otte Deed of Trust recorded on May 16, 2018 (Document No. 23933360) against 5315 Romford Drive, San Jose, California, was recorded in violation of the Temporary Protective Order in the Martinez Action and is therefore invalid, or alternatively, that Plaintiff's attachment levy recorded on July 29, 2018 has priority over the Otte Deed of Trust because the attachment levy relates back to the date the TPO was personally served, to wit on April 30, 2018;

2. A judicial determination of the amount, if any, legitimately secured by the Otte Deed of Trust;

3. Disallowance of the Claim or, in the alternative, allowance in an amount equal to actual amounts Martinez embezzled from Defendant and damages proven;

4. For such other and further relief as the court deems just and proper.

Dated: November 16, 2018  TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP

By: /s/ *Bruce Prescott*
Bruce Prescott
Attorneys for Plaintiff Naviscent, LLC

Dated: November 16, 2018  BINDER & MALTER, LLP

By: /s/ *Robert G. Harris*
Robert G. Harris
Attorneys for Plaintiff Naviscent, Inc.

COMPLAINT FOR DECLARATORY RELIEF    6